UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. BLACK,

    Petitioner,

v.                                                          CASE NO. 8:13-cv-3242-T-23EAJ

UNITED STATES OF AMERICA,

    Respondent.
                                         /

## **O R D E R**

    Black petitions for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and challenges the validity of his conviction for possession of a firearm by a convicted felon. Black cannot proceed under Section 2241.

    In 2008 a grand jury charged Black with four counts of grand theft, one count of burglary, one count of possession of a firearm by a convicted felon, and one count of failure to appear. Proceeding without a plea agreement, in 2009 Black pleaded guilty to the one count of possession of a firearm by a convicted felon as charged in the indictment. All other charges were dismissed. In 2010 he was sentenced to eighty-seven months imprisonment. Black neither appealed nor moved to vacate under 28 U.S.C. § 2255. Black's one-year limitation expired in 2011.

Nearly three years after the deadline Black petitions under Section 2241 and alleges (1) that the "court lacked jurisdiction" because he was convicted of "a charge that was change from the one that was handed down by the grand jury in the indictment," (2) that the pre-sentence report "was incomplete and held without defense counsel present," and (3) that counsel was ineffective "with respect to the Fourth Amendment issue which was no consent to search the vehicle . . . ." A guilty plea waives all non-jurisdictional defects, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including most claims of ineffective assistance of counsel. *Hutchens v. Sec'y, Dep't of Corr.*, 273 Fed. App'x 777, 778 (11th Cir.),[1] *cert. denied*, 555 U.S. 857 (2008). To the extent that a claim might have survived his guilty plea, Black can challenge the validity of neither his conviction nor his sentence under Section 2241.

Typically, a prisoner must challenge the **validity** of his federal conviction or sentence in a motion to vacate under Section 2255, whereas a prisoner may challenge the **execution** of his sentence under Section 2241. *See Daniels v. Warden, FCC Coleman*, 538 Fed. App'x 850, (11th Cir. 2013), *citing Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), and *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A prisoner may challenge the validity of his conviction or sentence

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

under Section 2241 in extremely limited circumstances, as authorized in Section 2255(e)'s "savings clause."

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Black "failed to apply for relief, by motion, to the court which sentenced him." To the extent that a claim might have survived his guilty plea, Black should have raised the claim earlier either on direct appeal or in a timely Section 2255 motion to vacate. "[T]he savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1001 (2012). As a consequence, Black fails to meet his burden of proving eligibility for the "savings clause." *See Turner v. Warden, Coleman FCI*, 709 F.3d 1328, 1333 (11th Cir.), *cert. denied sub nom Turner v. Pastrana*, ___ U.S. ___, 133 S. Ct. 2873 (2013) ("The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner."); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."). As a consequence, the district court lacks jurisdiction to proceed with a challenge to the validity of the conviction or sentence under Section 2241. *Williams v. Warden,*

*Fed. Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013) ("[T]he savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions.").

Accordingly, the petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** for lack of jurisdiction. The clerk must close this case.[2]

ORDERED in Tampa, Florida, on February 10, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Because Black pursues a petition for the writ of habeas corpus under 28 U.S.C. § 2241, a certificate of appealability is not required. *See* 28 U.S.C. § 2253(c)(1); *Forde v. U.S. Parole Commission*, 114 F.3d 878, 879 (9th Cir. 1997); *Ojo v. INS*, 106 F.3d 680, 681-82 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).